Judge Williams
I am of opinion the injunction should be dissolved as to ail except the errors unanswered j and that the account should be referred to the Master, who should report to next court.
Judge Haywood — i am for dissolving in toto, not because i think the answer has denied all parts of the bill, but because the bill itself shews no sufficient cause for coming into this court. After.a verdict at law, a man may apply for relief; but then the case where it is proper for him to do so must be an uncommon one, and must be specially stated so as to shew the cause there is for the interference of this court; but the míe as tocases in general under which this comes, being not distinguish-^ ed by any peculiarity of circumstances, is'that where the-complainant has complete relief at law, Equity will not take any epg¡%¿aoce of his cause. This is the case of the complainant. If, as he states it, ths writing assigned to Montgomery was nor a negotiable one, then it was. liable in the hands of Montgomery, notwithstanding the *426 assignment, to every defence and objection that it was in the bauds of típier and at law he might have sei up these defences, and have lessened the damages by proving the errors and mistakes stated in the bill ¿ or if the writing was negotiable, and passed into the hands of Montgomery with notice of >hv defence Martin intended to make against it, then notwithstanding bs negotiability, lie might at law have defended himself, by'proving the notice Montgomery had of the- defence intended, previous io his taking an assignment of the note ; or if the writing was a negotiable one, and passed to Montgomery without, notice of the defence intended to be sei up, then it was free from any such defence both in Law and E-quby, and the bill ought not to be emertained. It is true a Court of JEqnity has a jurisdiction in cases of account, concurrent with the Courts of Common Law, even where at lavs the parry complainant may have compietf. redress ¿ yet the complainant must apply to the one or the oilier of (hese Courts, and he content with the sentence they pass, fie is not at liberty, first to sue’ or defend in a Court of Law, and alter trying his fate (here, apply toa Court of Equity. If he could not have completely defended himself without the aid of a Court of Equity, as if lie wanted a discovery, he should have filed a bill for a discovery before the verdict, had passed ¡¿gainst him, and nm have waited till after «he trial, and then dilayed the Plaintiff at law by an application to this court for an injmict on. Were this allowable., every Dnemlant wmld delay the Plaintiff at law, and fend off his cause a, long as possible, and afterwards have the benefit of nis de-fence by getting an injunction, and still longer delaying the Plaintiff. I am not for going one. step further in granting injunctions against verdicts at law, than are prescribed by the rules of a Court of Equity as laid down in the books. Injunctions arc a source of great delay to the Plaintiffs, and of great expeuce to Defendants, who are generally charged with the heavy expi-nce of. a suit in Equity, for no other purpose than that of obtaining a short . espite for a few momhs from execution. I am for dissolving in toto, but as the court are divided, Í am willing, rattier than no dissolution should take place, to dissolve except as to the errors in overcharging the articles mentioned in the bill.
*427 xt was dissolved accordingly, except as to those arti-cíes, and the account referred to the Master to report upon at next term.
Not'!. — Vide Black v. Bird, ante 273, Welch v. Watkins & Picket ante 369, and ihe references, in the note to each case.